IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TABITHA CLAY,

    Plaintiff,

v.                                                                                                 Case No. 1:21-cv-00591-GJF/JHR

BOARD OF COUNTY COMMISSIONERS
FOR RIOARRIBA COUNTY, RIO ARRIBA
COUNTY SHERIFF'S OFFICE, JAMES D.
LUJAN, in his official and individual capacities,
JEREMY BARNES, in his individual capacity,

    Defendants.

**DEFENDANT JEREMY BARNES' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Jeremy Barnes ("Mr. Barnes"), by and through his attorneys, Holland & Hart LLP (Judd C. West and Jules Elese Angelley), answers Plaintiff's Complaint for Civil Rights Violations and Violations of the New Mexico Tort Claims Act (hereinafter referred to as the "Complaint") as follows:

**INTRODUCTION**

In answer to the statements contained in Plaintiff's unnumbered, narrative, "introduction" to her Complaint, Mr. Barnes states that it violates the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Plaintiff's introduction is the argument of Plaintiff's counsel, not a pleading, and it should be stricken from the Complaint. To the extent that the Court may construe the "introduction" to the Complaint as containing allegations that are factual or may be construed against Mr. Barnes, the same are denied.

## PARTIES

1. In answer to the allegations contained in paragraph 1 of the Complaint, Mr. Barnes states that he does not have sufficient information to either admit or deny the allegations and therefore denies the same.

2. In answer to the allegations contained in paragraph 2 of the Complaint, Mr. Barnes admits that the Rio Arriba County Board of Commissioners ("Defendant Rio Arriba County") is a political subdivision of the State of New Mexico. All remaining allegations contained in paragraph 2 state legal conclusions for which no response is required. To the extent the allegations are factual or may be construed against Mr. Barnes, the same are denied.

3. In answer to the allegations contained in paragraph 3 of the Complaint, Mr. Barnes admits that Defendant Rio Arriba County Sherriff James D. Lujan was the Sheriff of Rio Arriba County, a law enforcement officer, and a public employee at the times alleged in the Complaint. All remaining allegations contained in paragraph 3 are legal conclusions and/or directed at other parties for which no response is required of Mr. Barnes. To the extent that the remaining allegations are factual or may be construed against him, Mr. Barnes does not have sufficient information to either admit or deny the allegations and therefore denies the same.

4. In answer to the allegations contained paragraph 4 of the Complaint, Mr. Barnes admits that he was a resident of Rio Arriba County, employed as a Rio Arriba County Sherriff's deputy, and a public employee at the times alleged in the Complaint. All remaining allegations contained in paragraph 4 are legal conclusions for which no response is required.

## JURISDICTION AND VENUE

5. In answer to the allegations contained in paragraph 5 of the Complaint, Mr. Barnes admits that the Federal District Court for the District of New Mexico has jurisdiction

over this action. As to the remaining allegations contained in paragraph 5, Mr. Barnes is without sufficient information to either admit or deny the allegations and therefore denies the same.

6. In answer to the allegations contained in paragraph 6 of the Complaint, Mr. Barnes states that the allegations are legal conclusions and/or directed at other parties for which no response is required of Mr. Barnes. To the extent the allegations are factual or may be construed against Mr. Barnes, he denies the same.

7. In answer to the allegations contained in paragraph 7 of the Complaint, Mr. Barnes states that the allegations are legal conclusions for which no response is required. To the extent that the allegations are factual or may be construed against Mr. Barnes, he is without sufficient information to either admit or deny the allegations and therefore denies the same.

## FACTUAL BACKGROUND

8. In answer to the allegations contained in paragraph 8 of the Complaint, Mr. Barnes incorporates his responses contained in paragraphs 1 through 7 of this Answer, by reference, as though fully set forth herein.

9. In answer to the allegations contained in paragraphs 9, 10, 11 and 12 of the Complaint, Mr. Barnes states that he is without sufficient information to either admit or deny the allegations and therefore denies the same.

10. Mr. Barnes denies the allegations contained in paragraphs 13, 14 and 15 of the Complaint.

11. In answer to the allegations contained in paragraphs 16, 17, 18, 19 and 20 of the Complaint, Mr. Barnes states that he is without sufficient information to either admit or deny the allegations and therefore denies the same.

## COUNT I: FIRST AMENDMENT CLAIM – RETALIATION
### (All Defendants)

12. In answer to the allegations contained in paragraph 21 of the Complaint, Mr. Barnes incorporates his responses contained in paragraphs 1 through 11 of this Answer, by reference, as if fully set forth herein.

13. In answer to the allegations contained in paragraph 22 of the Complaint, Mr. Barnes states that the allegations are legal conclusions for which no response is required. To the extent the allegations are factual or may be construed against him, Mr. Barnes is without sufficient information to either admit or deny the allegations and therefore denies the same.

14. Mr. Barnes denies the allegations contained in paragraphs 23, 24, 25, and 26 of the Complaint.

## COUNT II: SUPERVISORY LIABILITY CLAIM
### (Defendants Board of County Commissioners, Defendant Rio Arriba County Sheriff's Office and Defendant Lujan)

15. In answer to the allegations contained in paragraph 27 of the Complaint, Mr. Barnes incorporates his responses contained in paragraphs 1 through 14 of this Answer, by reference, as if fully set forth herein.

16. In answer to the allegations contained in paragraphs 28, 29, 30 and 31 of the Complaint, Mr. Barnes states that the allegations are legal conclusions and/or directed at other parties for which no response is required of Mr. Barnes. To the extent the allegations are factual or may be construed against Mr. Barnes, the same are denied.

## COUNT III: NEW MEXICO TORT CLAIMS ACT – VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS
### (Defendants Lujan and Barnes)

17. In answer to the allegations contained in paragraph 32 of the Complaint, Mr. Barnes incorporates his responses contained in paragraphs 1 through 16 of this Answer, by

reference, as if fully set forth herein.

18. Mr. Barnes denies the allegations contained in paragraphs 33, 34, 35, 36 and 37 of the Complaint.

### COUNT IV: NEW MEXICO TORT CLAIMS ACT – ASSAULT
### (Defendant Barnes)

19. In answer to the allegations contained in paragraph 38 of the Complaint, Mr. Barnes incorporates his responses contained in paragraphs 1 through 18 of this Answer, by reference, as if fully set forth herein.

20. Mr. Barnes denies the allegations contained in paragraphs 39, 40, 41, 42 and 43 of the Complaint.

### COUNT V: NEW MEXICO TORT CLAIMS ACT – NEGLIGENT MAINTENANCE
### (Defendants Board of County Commissioners, Defendant Rio Arriba County Sheriff's Office and Defendant Lujan)

21. In answer to the allegations contained in paragraph 44 of the Complaint, Mr. Barnes incorporates his responses contained in paragraphs 1 through 20 of this Answer, by reference, as if fully set forth herein.

22. In answer to the allegations contained in paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54 and 55 of the Complaint, Mr. Barnes states that the allegations are legal conclusions and/or directed at other parties for which no response is required of Mr. Barnes. To the extent the allegations are factual or may be construed against him, Mr. Barnes does not have sufficient information to either admit or deny the allegations and therefore denies the same.

### RELIEF REQUESTED

23. In answer to the allegations contained in paragraph 56 of the Complaint, Mr. Barnes incorporates his responses contained in paragraphs 1 through 22 of this Answer, by

reference, as if fully set forth herein.

24. Mr. Barnes denies the allegations contained in paragraphs 57 and 58 of the Complaint.

25. In answer to the allegations contained in paragraph 59 of the Complaint, Mr. Barnes denies that Plaintiff is entitled to the requested relief and denies any liability to Plaintiff.

26. Paragraph 60 of the Complaint does not contain allegations and requires no response.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Mr. Barnes is immune and/or qualifiedly immune from Plaintiff's claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she failed to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by the United States and New Mexico Constitutions.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Barnes reserves the right to assert such additional, affirmative defenses as may become known through discovery and/or further investigation.

**WHEREFORE** Defendant Jeremy Barnes respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, award judgment in his favor and for costs, fees, and such

additional relief as the Court may deem just and proper.

Mr. Barnes demands a jury trial on all facts so triable.

Respectfully,

**HOLLAND & HART LLP**

*/s/ Judd C. West*
Judd C. West
Jules Elese Angelley
110 N. Guadalupe, Ste. 1
Santa Fe, NM 87501
P.O. Box 2208
Santa Fe, NM  87504-2208
TEL:  505-988-4421
FAX: 505-983-6043
jcwest@hollandhart.com
jeangelley@hollandhart.com

*Attorneys for Defendant Jeremy Barnes*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July 2021, the foregoing was filed via the U.S. District Court of New Mexico's CM/ECF electronic filing system and a copy thereof was served via the CM/ECF upon all counsel of record.

 /s/ *Judd C. West*
Judd C. West

16984754_v1

7