IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TABITHA CLAY,

          **Plaintiff,**

vs.                                                Case No. 1:21-cv-00591-GJF/JHR

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY, RIO ARRIBA
COUNTY SHERIFF'S OFFICE, JAMES D.
LUJAN, in his official and individual capacities,
and JEREMY BARNES, in his individual capacity,

          **Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on Wednesday, August 4, 2021 at 1:30 p.m. and was attended by:

| *Attorneys for Plaintiff* | *Attorneys for Defendant Jeremy Barnes* |
|---|---|
| Caroline "KC" Manierre<br>ROTHSTEIN DONATELLI LLP<br>P.O. Box 8180<br>Santa Fe, NM, 87504<br>(505) 988-8004 | Judd C. West<br>Jules E. Angelley<br>HOLLAND & HART LLP<br>110 North Guadalupe, Suite 1<br>Santa Fe, NM, 87504<br>(505) 988-4421 |
| Carolyn M. Nichols<br>ROTHSTEIN DONATELLI LLP<br>500 4th Street NW, Suite 400<br>Albuquerque, NM 87102<br>(505) 243-1443 | *Attorneys for Defendants Board of County Commissioners of Rio Arriba County, Rio Arriba County Sheriff's Office and Rio Arriba County Sheriff James D. Lujan* |
| Leon Howard<br>ACLU OF NEW MEXICO<br>P.O. Box 566<br>Albuquerque, NM, 87103<br>(505) 266-5915 | Gregory L. Biehler and Erin L. Chavez<br>LEWIS BRISBOIS BISGAARD<br>& SMITH LLP<br>8801 Horizon Blvd. NE, Suite 300<br>Albuquerque, NM, 87113<br>(505) 828-3600 |

## NATURE OF THE CASE

Plaintiff's complaint arises from alleged civil rights violations committed by Defendants. Plaintiff brings claims under 42 U.S.C. § 1983, 42 U.S.C. § 1988, the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -30 and New Mexico common law.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Plaintiff does not intend to move to amend or for joinder of parties at this time but reserves the right to do so in the event new evidence surfaces that would warrant such amendment or joinder of parties.

Plaintiff(s) should be allowed until **October 1, 2021** to move to amend the pleadings and until **October 1, 2021** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: Motion for Summary Judgment based on Qualified Immunity and Motion to Stay Discovery

Defendants should be allowed until **October 29, 2021** to move to amend the pleadings and until **October 29, 2021** to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate and agree that the law governing this case is: 42 U.S.C. § 1983, the First Amendment to the United States Constitution, New Mexico common law and the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq. ("NMTCA").

## PLAINTIFF'S CONTENTIONS:

In 2019, Plaintiff Tabitha Clay was a reporter for the Rio Grande Sun, covering the RASO, Española Police Department and the courts in Rio Arriba County. Ms. Clay's reporting on the RASO resulted in a pattern of harassment and retaliation. On May 29, 2019, the Rio Grande Sun published an article authored by Ms. Clay about Defendant Barnes' unlawfully using a taser on a minor.

Prior to May 29, 2019, Ms. Clay had had access to information concerning Rio Grande Sheriff activities, including records and regular communication with RASO employees. Beginning in June 2019, upon information and belief, as a result of the news article on Defendant Barnes, Defendant Lujan directed department employees to stop providing records, such as Computer-Aided Dispatch ("CAD") reports, to Ms. Clay related to ongoing issues within the RASO, and directed employees not to speak to her, as they previously had.

On July 1, 2019, Ms. Clay arrived at the scene of a fatal accident in Rio Arriba County. Upon arrival, Ms. Clay saw Defendant Lujan and Defendant Barnes. While, prior to her reporting on Defendant Barnes, Ms. Clay had been given access to report on stories from closer proximity (and in fact, was notified by the RASO and Sheriff Lujan of such RASO investigations), on this occasion she was kept at least thirty feet back by caution tape. While Ms. Clay was still a good distance back from the caution tape, Defendant Barnes started yelling at her to stay outside the perimeter, threatened to arrest her, and yelled for someone to get him some handcuffs. Upon information and belief, this threat to arrest her for engaging in a constitutionally protected investigation as a member of the press, was done on Defendant Lujan's orders. Defendant Barnes' activities caused Ms. Clay to fear that she was about to be subjected to a battery and wrongful arrest, so she quickly left the scene of the accident as Defendant Barnes was approaching her and

3

before Defendant Barnes could act upon his threat to arrest her for doing her job as a member of the press.

On September 10, 2019, Ms. Clay returned to her apartment after a long day, where she found two Rio Arriba Sheriff's vehicles parked out front, one with Defendant Barnes, and one with Deputy Jerry Albo. The officers had no official business at the complex and, while the officers left shortly after she arrived, their departure appears to have been only in response to a dispatch call. The implication was clear that they knew where she lived and had no problem showing up while on duty in their official capacities.

On September 12, 2019, Ms. Clay wrote a story concerning the Rio Arriba County Sheriff's failure to do in-service trainings since 2011. Four days later, on September 16, 2019, deputies of the Rio Arriba County RASO refused to permit Ms. Clay to enter the Rio Arriba County Court with equipment she regularly used as a member of the press and was regularly permitted to bring into the court with her, including her phone, laptop and camera. In fact, only 7 days earlier, on September 9, 2019, Ms. Clay was permitted by the RASO Deputies to enter the courthouse with no issue, despite bringing in that same equipment. After the RASO Deputies refused to allow her in with her equipment, the bailiff for the court came down and spoke with the deputies, explaining that Ms. Clay was press and that the judge was allowing her to bring these items into the courtroom. The RASO Deputies informed the bailiff that the judge was not in charge downstairs, and that Ms. Clay would need to talk to the Sheriff. Eventually, Ms. Clay was permitted to bring in her camera, but not any of her other equipment.

As Ms. Clay continued to write articles that exposed the questionable conduct of the Rio Arriba County RASO, the withholding of information and intimidation continued and increased under the guise of changing official "policy" (policies that changed significantly and in direct

relation to Ms. Clay's reporting). These changes included dispatch logs that had been provided to the Rio Grande Sun every morning for approximately ten years and which had contained significant information related to RASO activities. Following Ms. Clay's reporting, Defendant Lujan pushed through policy changes to delay providing dispatch logs until after two weeks, and limiting the information provided in the dispatch logs.

Before May 2019, Ms. Clay had access to the RASO, was allowed in the building, and was able to do her job with accurate and timely information from employees, including from the RASO Public Information Officer and Sheriff Lujan himself. Following the story on Barnes and the continued stories related to misconduct and concerns about the RASO and Sheriff Lujan, employees were instructed to answer only "official" requests.

In the end, Plaintiff contends the pattern of harassment and intimidation against Ms. Clay was related to her publishing information aimed at government accountability and raising concerns with Rio Arriba County, RASO, and Sheriff Lujan.

## DEFENDANT'S CONTENTIONS

Defendants deny the contentions of Plaintiff and assert qualified and absolute immunity. Affirmative defenses of failure to state a cause of action upon which relief may be obtained, qualified immunity, failure to mitigate and that punitive damages are barred by the United States and New Mexico Constitutions are asserted.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's Witnesses:**

1) Tabitha Clay, Plaintiff
   c/o Leon Howard
   ACLU of New Mexico
   P.O. Box 566
   Albuquerque, NM 87103
   T: (505) 266-5915 Ext. 1008

   Ms. Clay is the plaintiff in the case and may testify about the claims set forth in the Complaint.

2) Defendant James Lujan, Sheriff of Rio Arriba County
   c/o Gregory L. Biehler
   Erin Chavez
   LEWIS BRISBOIS BISGAARD & SMITH, LLP
   8801 Horizon Blvd. NE, Suite 300
   Albuquerque, NM 87113
   T: (505) 828-3600

   Sheriff Lujan is a defendant in this case and may testify about the incidents described in the Complaint.

3) Jeremy Barnes, former Rio Arriba County Sheriff's Deputy
   c/o Judd C. West
   Jules Elese Angelley
   HOLLAND & HART, LLP
   110 N. Guadalupe, Suite 1
   Santa Fe, NM 87504
   T: (505) 988-4421

   Jeremy Barnes is a defendant in this case and may testify about the incidents described in the Complaint.

4) Jerry Albo, Rio Arriba County Sheriff's Deputy
   Rio Arriba County Sheriff's Department
   1122 Industrial Park Rd

6

Española, NM 87532
T: (505) 753-3329

Deputy Albo was one of the deputies, along with Defendant Barnes, parked outside of Plaintiff's home as described in the Complaint and may testify about his observations of that incident.

5) Rhyan LNU, Bailiff at Rio Arriba County Courthouse
7 Main St.
Tierra Amarilla, NM 87575
T: 505-455-8335

Rhyan LNU was working as a Bailiff and present at the scene when Plaintiff was not permitted to bring her reporting equipment into the Rio Arriba County Courthouse as described in the Complaint and may testify about his observations of that incident.

6) Sheri Raphaelson
512 S Riverside Dr. Suite B
Española, NM 87532
T: (505) 927-3185

Based on information and belief, attorney Sheri Raphaelson was present at the scene when Plaintiff was not permitted to bring her reporting equipment into the Rio Arriba County Courthouse as described in the Complaint and may testify about her observations of that incident.

7) Randy Sanches, former Major and Public Information Officer for Rio Arriba County Sheriff's Office
T: 505-929-9229

Mr. Sanches was a Major as well as the Public Information Officer for Rio Arriba County Sheriff's Office at the time of all allegations in Plaintiff's complaint. Mr. Sanches and may testify about his observations of Defendants' withholding of information requested by Plaintiff, Plaintiff's diminished access to the Rio Arriba County Sheriff's office building, and Defendant Barnes and Deputy Jerry Albo being outside of Plaintiff's home as laid out in Plaintiff's complaint.

8) Dorothy Onikute, former deputy of Rio Arriba County Sheriff's Office
1513 Gadwall Rd. NE
Rio Rancho, NM 87144
T: (415) 299-7717

Ms. Onikute is a former deputy of the Rio Arriba County Sheriff's Office and can testify to documents that she received pursuant to an IPRA that detailed how a major part of her disciplinary proceeding was focused on whether or not she was friends with Plaintiff.

9) Rafael Aguilar, Senior Investigator for the 9th Judicial District Attorney's Office
   c/o 9th Judicial District Attorney's Office
   Judith Glikas Administrative Assistant to A. Reeb
   417 Gidding, Suite 200
   Clovis, NM 881101
   5757692246
   jGlikas@da.state.nm.us

   Mr. Aguilar is the Senior Investigator for the 9th Judicial District Attorney's Office and can testify to his experience with courthouse security and Defendant Lujan on June 1, 2021. On this date, Mr. Aguilar arrived in his professional capacity at the Rio Arriba County Courthouse to assist District Attorney Andrea Reeb with the criminal trial of Defendant Lujan. As Mr. Aguilar was going through courthouse security, Mr. Aguilar felt that he was put under a higher level of scrutiny than other individuals entering the courthouse. After the trial concluded, Mr. Aguilar was walking to his car when he was approached by Defendant Lujan. Defendant Lujan offered his hand to Mr. Aguilar and while shaking his hand, Defendant Lujan apologized and said that he thought Mr. Aguilar was a Taos County Sheriff's Deputy. Mr. Aguilar's testimony supports Plaintiff's claims that Sheriff Lujan has a hand in courthouse security access.

10) Austin Fisher
    T: 6205219792
    Email: austinf.freepress@gmail.com

    Mr. Fisher was Plaintiff's editor at the Rio Grande Sun at the time of all allegations in Plaintiff's complaint and may testify about the incidents described in the Complaint.

11) Monica Salazar, Espanola City Police Officer
    Espanola Police Dept
    1316 Calle Adelante
    Española, NM 87532
    T: (505) 747-6002

    Officer Salazar was a RASO deputy at the time of all allegations in Plaintiff's complaint and was present at the scene on July 1, 2019 when Defendant Barnes yelled at Plaintiff to stay outside the perimeter at a fatal accident scene as laid out in Plaintiff's complaint. Officer Salazar may testify about her observations of that incident.

12) Any as yet unidentified expert witness or witnesses

13) Any witnesses identified and/or called by any other party.

14) Any witness named in documents pertaining to this case.

15) Any witnesses necessary for authentication or foundation.

16) Any witness identified in discovery.

17) Any persons identified through discovery who may have knowledge relevant to Plaintiff's claims.

18) Any witnesses necessary for impeachment.

19) Any witnesses necessary for rebuttal.

Plaintiff will supplement her list of witnesses if additional witnesses become known to her during the course of investigation and discovery.

**Plaintiff's Exhibits:**

1) Photograph of Defendant Barnes ordering Plaintiff to stay outside of the perimeter of a fatal accident scene on July 1, 2019, threatening arrest and yelling for someone to get him some handcuffs (*see* CLAY000001).

2) Affidavit of Rafael Aguilar, Senior Investigator for the 9th Judicial District Attorney's Office, documenting his experience with Rio Arriba County Courthouse security and Defendant Lujan on June 1, 2021 (*see* CLAY000002-000003).

3) CADs and dispatch logs produced by Espanola/Rio Arriba E911 Center from September 10, 2019, the date that Defendant Barnes and Deputy Jerry Albo were parked outside of Plaintiff's home while in their official capacities (*see* CLAY000004-000016).

4) CAD dated 09/17/19 containing all call details (*see* CLAY000017).

5) CAD dated 09/17/19 containing minimal information (*see* CLAY000018).

Plaintiff will supplement this disclosure as necessary during the course of discovery.

**Plaintiff's Experts:** Plaintiff may call expert witnesses to testify as to the psychological impact and emotional harm caused by the actions of the Defendants, and as to the Defendants' policies, practices and procedures.

**Defendants' Witnesses:**

1. Rio Arriba County Sheriff James D. Lujan
   c/o Lewis Brisbois Bisgaard & Smith, LLP
   8801 Horizon Blvd., Suite 300
   Albuquerque, NM 87113
   Phone: 505-828-3600

   Sheriff Lujan will testify to the claims alleged in Plaintiff's complaint, as well as to any other matters within his personal and professional knowledge.

2. Jeremy Barnes
   c/o Holland & Hart, LLP
   110 North Guadalupe, Suite 1
   Santa Fe, NM 87113
   Phone: 505-954-3664

   Mr. Barnes will testify to the claims alleged in Plaintiff's complaint, as well as to any other matters within his personal and professional knowledge.

3. Rio Arriba County Sheriff's Office Deputy Jerry Albo
   c/o Lewis Brisbois Bisgaard & Smith, LLP
   8801 Horizon Blvd., Suite 300
   Albuquerque, NM 87113
   Phone: 505-828-3600

   Deputy Albo will testify to the claims alleged in Plaintiff's complaint, as well as to any other matters within his personal and professional knowledge.

4. Tabitha Clay
   c/o ROTHSTEIN DONATELLI LLP
   P.O. Box 8180
   Santa Fe, NM, 87504
   505-988-8004

   and

   c/o ACLU OF NEW MEXICO
   P.O. Box 566
   Albuquerque, NM, 87103
   505-266-5915

   Ms. Clay will testify to the claims alleged in her complaint, as well as to any other matters within her personal knowledge.

5. Current and Former Employees of the Rio Arriba County Sheriff's Office

>c/o Lewis Brisbois Bisgaard & Smith, LLP
>8801 Horizon Blvd., Suite 300
>Albuquerque, NM 87113
>Phone: 505-828-3600

>Current and Former Employees of the Rio Arriba County Sheriff's Office are expected to testify to the claims alleged in Plaintiff's complaint, as well as to any other matters within their personal and professional knowledge.

6. Current and Former Employees of the Rio Grande Sun
>P.O. Box 790
>Espanola, New Mexico 87532
>Phone: 575-753-2126

>Current and Former Employees of the Rio Grande Sun are expected to testify to the claims alleged in Plaintiff's complaint, as well as to any other matters within their personal and professional knowledge.

**Defendants' Exhibits:**

Defendants plan on using:

- documents in possession of Plaintiff

- articles written by Plaintiff about Defendants

- any video, photographs or recordings made by Plaintiff regarding the matters identified in the Complaint, and

- any communications made by Plaintiff to Defendants

**Defendants' Experts:**

Defendants may call a psychologist to testify regarding the emotional distress claims made by Plaintiff.

Discovery will be needed on the following subjects: **Plaintiff's allegations of retaliation and intimidation, assault, liability and damages.**

Maximum of **25** interrogatories by each party to any other party. (Responses due **30** days after service).

Maximum of **25** requests for production by each party to any other party. (Response due **30** days after service).

11

Maximum of **35** requests for admission by each party to any other party. (Response due **30** days after service).

Maximum of **10** depositions by Plaintiff(s) and **10** by Defendant(s).

Each deposition (other than of parties and experts) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by **November 29, 2021**

    from Defendant(s) by **December 31, 2021**

Supplementation under Rule 26(e) due **30 days from receipt.** *(set time(s) or interval(s)).*

All discovery commenced in time to be complete by **January 22, 2022**. Discovery on *(issue for early discovery)* to be completed by **N/A**.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)* Plaintiff and Defendants will provide expert availability for deposition with disclosure of their report for the 2 weeks following disclosure.

## PRETRIAL MOTIONS

Plaintiff intends to file: Motions in limine and, perhaps a motion for summary judgment after significant discovery commences.

Defendants intends to file: Motions for Summary Judgment Based on Qualified Immunity and a Motion to Stay Discovery.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **5 days**.

\_\_\_\_ This is a non-jury case.

 **X**   This is a jury case.

The parties request a pretrial conference **at the court's convenience, at least 1 month before trial**.

## SETTLEMENT

The possibility of settlement in this case **cannot be evaluated until the parties engage in substantial discovery**. The parties request a settlement conference in **January 2022**.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITHOUT EXCEPTIONS

*/s/ Caroline "KC" Manierre (approved electronically on 8/26/21)*
Caroline "KC" Manierre
ROTHSTEIN DONATELLI LLP
P.O. Box 8180
Santa Fe, NM, 87504
(505) 988-8004
cmanierre@rothsteinlaw.com

Carolyn M. Nichols
ROTHSTEIN DONATELLI LLP
500 4th Street NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443
cmnichols@rothsteinlaw.com

Leon Howard
ACLU OF NEW MEXICO
P.O. Box 566
Albuquerque, NM 87103
(505) 266-5915
lhoward@aclu-nm.org

*Attorneys for Plaintiff*

*/s/ Judd C. West (approved electronically 8/26/21)*
Judd C. West
Jules E. Angelley

HOLLAND & HART LLP
110 North Guadalupe, Suite 1
Santa Fe, NM, 87504
(505) 988-4421
JCWest@hollandhart.com
JEAngelley@hollandhart.com

*Attorneys for Defendant Jeremy Barnes*

/s/ Erin L. Chavez
Gregory L. Biehler
Erin L. Chavez
Lewis Brisbois Bisgaard & Smith LLP
8801 Horizon Blvd. NE, Suite 300
Albuquerque, NM 87113
(505) 828-3600
Greg.Biehler@lewisbrisbois.com
Erin.Chavez@lewisbrisbois.com

*Attorneys for Defendants Board of County Commissioners of Rio Arriba County, Rio Arriba County Sheriff's Office and Rio Arriba County Sheriff James D. Lujan*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 26th day of August 2021, I filed the foregoing electronically through CM/ECF, which caused all Counsel of Record to be served by electronic means:

*/s/ Erin L. Chavez*
Erin L. Chavez

4837-2289-5608.1