UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TABITHA CLAY,**

    **Plaintiff,**

v.                                             Case No. 1:21-cv-00591-GJF/JHR

**BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY, RIO ARRIBA
COUNTY SHERIFF'S OFFICE, JAMES D.
LUJAN, in his official and individual capacities,
and JEREMY BARNES, in his individual capacity,**

    **Defendants.**

### DEFENDANT JAMES D. LUJAN'S MOTION FOR STAY OF DISCOVERY PENDING RESOLUTION OF HIS CRIMINAL CHARGES

**COMES NOW** Defendant, James D. Lujan, by and through his attorneys of record, Brennan & Sullivan, P.A., and hereby files this Motion to Stay discovery addressed to him, pending a decision by the First Judicial District Court of New Mexico on his two pending criminal matters. Counsel for Defendant Jeremy Barnes has been contacted and does not oppose this motion. Counsel for Plaintiff opposes this Motion. In support of this motion, Defendant Lujan states as follows:

**I. INTRODUCTION AND SUMMARY OF ALLEGATIONS IN THE COMPLAINT PERTINENT TO MOTION**

This litigation arises out of alleged civil rights violations by Defendants, including James D. Lujan ("Sheriff Lujan"). Compl. ¶ 1. The Complaint alleges, among other things, that Sheriff Lujan attempted to silence Plaintiff through obstruction and intimidation while she was engaged in duties as a reporter for the Rio Grande Sun. Compl. ¶ 3. The Complaint also alleges that Sheriff Lujan retaliated against Plaintiff due to her reporting negatively on the Sheriff's Office. Compl. ¶ 4. Plaintiff also alleges she was denied access to information at the behest of Sheriff Lujan, as a

result of her negative reporting on the Sheriff's Office. Compl. ¶ 5. Plaintiff alleges that Defendant Officer Barnes threatened to arrest her for trying to gain information at the scene of an accident, based on an order from Sheriff Lujan. Compl. ¶ 13. Plaintiff has also alleged she was denied access to the courthouse in Rio Arriba based on the Sheriff's orders. Compl. ¶ 16.

The Counts alleged in the Complaint against Sheriff Lujan are: Count I: retaliation under the First Amendment; Count II: § 1983 supervisory liability; Count III: violation of Plaintiff's Constitutional Rights under the New Mexico Tort Claims Act; and, Count V: negligent maintenance under the New Mexico Tort Claims Act.

Concurrently with this matter, Sheriff Lujan has criminal charges pending against him in two different cases. In the first case, the Sheriff is charged with three counts of resisting, evading or obstructing an officer, D-117-CR-2020-00078 ("the first criminal matter"). This case is pending before the Honorable Judge Bryan Biedscheid in the First Judicial District Court of New Mexico and is expected to go to trial in January of 2022.

The second criminal matter charges Sheriff Lujan with bribing a witness and harboring or aiding a felon, D-117-CR-2020-0013 ("the second criminal matter"). The second matter is also pending in the First Judicial District Court before the Honorable Judge Kathleen McGarry. Trial on this matter concluded on December 1, 2021, finding the Sheriff guilty on both counts. It is unknown at this time whether the Sheriff will appeal this conviction.

This Motion does not seek to stay all discovery in this case, but only discovery that is directly addressed to Sheriff Lujan, including any depositions of the Sheriff and any future written discovery seeking information about the Sheriff.

## II.     ARGUMENT

**GIVEN THAT DEFENDANT LUJAN IS STILL IN CRIMINAL JEOPARDY, DISCOVERY IN THIS MATTER SHOULD BE STAYED UNTIL BOTH CRIMINAL MATTERS ARE RESOLVED.**

Whether to grant a stay in a civil case when there are criminal proceedings pending against a party is a matter of discretion for the Court. *Urrutia v. Montoya*, Civ. No. 16-00025 MCA/SCY, 2016 U.S. Dist. LEXIS 184822 (D. N.M. June 29, 2016); citing *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp.2d 1227, 1236 (N.D. Olka. 2003). The determination of whether to grant a stay calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Id.* at *3, citing *Hilda M. v. Brown*, 10-CV-02495-PAB-KMT, 2010 U.S. Dist. LEXIS 137869, 2010 WL 5313755, *3 (D. Colo. Dec. 20, 2010). The Court considers the following six factors:

(1) the extent to which the issues in the criminal case overlap with those in the civil case;
(2) the status of the case, including whether defendants have been indicted;
(3) the interests of the plaintiffs in proceedings expeditiously weighed against the prejudice to the plaintiffs caused by the delay;
(4) the private interests and burden on the defendants;
(5) the interests of the courts; and
*(6)* the public interest.

*Id.*. These factors weigh in favor of staying discovery in this case until the Defendant Lujan is no longer in criminal jeopardy.

Concerning the first factor, the extent of overlap, this is the "most important factor in ruling on a motion to stay." *Hilda M. v. Brown,* No. 10-CV-02495-PAB-KMT, 2010 U.S. Dist. LEXIS 137869, 2010 WL 5313755, *3 (D. Colo. Dec. 20, 2010); citing *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C. D. Cal, 2008). The pending charges and the allegations in this case, while not identical, could overlap to the extent that Plaintiff seeks to question the Sheriff on matters surrounding his criminal charges. Although not relevant in this case, Plaintiff may attempt to obtain information from the Sheriff pertaining to his criminal charges, which would then require

the Sheriff to plead the Fifth Amendment, so as not to further incriminate himself. For this reason, Defendant Lujan seeks a stay of discovery until his criminal matters are resolved.

Regarding the status of the second criminal case, Defendant Lujan was indicted, stood trial, and was found guilty of both counts on December 1, 2021. It is unknown whether the Sheriff will appeal this conviction. With regard to the first criminal matter, although he was not indicted, as the charges are misdemeanors, a criminal complaint was filed and a stay would still be appropriate because he will be standing trial for these charges in January of 2022. *See Berreth v. Frazee*, Civil Action No. 19-cv-00027-PAB-KMT, 2019 U.S. Dist. LEXIS 233212, at *4 (D. Colo. Apr. 1, 2019). Courts have issued a stay of discovery even in cases where the criminal trial has not yet been scheduled. *See Ramirez v. Martinez*, No. 20-cv-0824 MV/SMV, 2021 U.S. Dist. LEXIS 142398, at *6 (D.N.M. July 30, 2021). The reasoning for issuing a stay of discovery in this case is compelling, since Defendant Lujan has been indicted in the second criminal matter and may be appealing his conviction. Even in the first criminal matter, though no indictment has occurred, Sheriff Lujan's trial is scheduled for January of 2022 and the likelihood of being placed in a position to make incriminating statements prior to his trial is great if he were to be deposed.

The third and fourth factors concerning the interests of the parties and prejudice weigh in favor of a stay. Defendant has a significant interest in "avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case." *Hilda M. v. Brown,* supra, at *13. In contrast, there is no prejudice to the Plaintiff, as discovery can remain open with regard to all other issues in this case.  Given the relative infancy of the civil case, a brief and limited stay will not result in a protracted adjudication of this litigation. *See Urrutia v. Montoya*, supra, at *5.  The third and fourth factors weigh in favor of the stay.

Likewise, the fifth and sixth factors favor Defendant Lujan. The Court and the public "have an interest in not needlessly expending resources on thorny legal issues that might be avoided through a temporary limited stay." *Urrutia, supra*, at *11. The courts have the inherent power to manage their own dockets, and preventing motions practice on protective orders is both a cost and time saving measure. *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010).

If proceedings are stayed in the case at bar, Defendant Lujan would be amenable to the Court ordering the filing of quarterly status reports on the criminal proceeding status, as was carried out in *Hilda M.*.

### III.   CONCLUSION

**WHEREFORE**, premises considered, Defendant Lujan respectfully requests the Court grant this Motion to Stay pending resolution of criminal proceedings, and for such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.

By: */s/ Gabriela M. Delgadillo*
Gabriela M. Delgadillo
Christina L. G. Brennan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
gabriela@BrennSull.com
christina@BrennSull.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of December, 2021 I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

By: */s/ Gabriela M. Delgadillo*
Gabriela M. Delgadillo