IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF NEW MEXICO

TABITHA CLAY,

    Plaintiff,

v.                                            Case No. 1:21-cv-00591-GJF/JHR

BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY, RIO ARRIBA
COUNTY SHERIFF'S OFFICE, JAMES D.
LUJAN, in his official and individual capacities,
and JEREMY BARNES, in his individual capacity.

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANT JAMES D. LUJAN'S MOTION FOR STAY OF DISCOVERY PENDING RESOLUTION OF HIS CRIMINAL CHARGES**

COMES NOW Plaintiff Tabitha Clay, by and through undersigned counsel, and hereby responds to Defendant James D. Lujan's Motion to Stay Discovery Pending Resolution of his Criminal Charges (Doc. 30). For the following reasons, the Court should deny the Motion to Stay.

**INTRODUCTION AND FACTUAL BACKGROUND**

The civil rights violations alleged by Ms. Clay in this case are not a parallel proceeding for the criminal conduct for which Defendant Lujan has been convicted or for the remaining allegations against him. Ms. Clay has sued Defendant Lujan in both his official and individual capacities. Defendant Lujan makes no argument why discovery would be stayed against Defendant Lujan for his role in his official capacity. In his individual capacity, Defendant Lujan does not show why the facts underlying those allegations amounts to a parallel proceeding for the instant matter. Both of Defendant Lujan's criminal cases arise out of allegations that he was attempting to thwart the investigation and apprehension of his friend, Phillip Chacon. *See*

Affidavit for Arrest Warrant, attached as Exhibit 1; Criminal Complaint, attached as Exhibit 2. In this case, Ms. Clay has put forth claims for First Amendment retaliation and related causes of action alleging that, as a result of her reporting (which reflected badly of Defendant Lujan's department), beginning in May of 2019, Defendants retaliated against Ms. Clay through harassment and denial of access for simply doing her job. Defendant Lujan does not establish how the underlying charges and allegations for these separate matters overlap such that the extraordinary remedy of a complete stay is warranted.

As to Defendant Lujan's criminal cases, in the first criminal matter, in which Defendant Lujan has already been convicted, Defendant Lujan was accused of harboring or aiding a felon and bribery or intimidation of a witness. *See* Exhibit 1 at pp. 3-4. According to the affidavit for arrest warrant, on March 14, 2017, Defendant Lujan learned that Mr. Chacon had identified himself as a subject being pursued by Española Police officers. *Id*. Defendant Lujan contacted Mr. Chacon by phone and then instructed Deputy Cody Lattin to follow him to Mr. Chacon's location and not to tell anyone. *Id*. at p. 2. Defendant Lujan then instructed Mr. Chacon to gather his belongings and get in his patrol car despite knowing that Española Police Department was seeking Mr. Chacon for aggravated fleeing of law enforcement. *Id*. at p. 3. Defendant Lujan instructed Deputy Lattin not say anything about what happened. *Id*. at pp. 2, 4. Defendant Lujan has been convicted of both of these criminal charges and sentenced to three years in prison. Associated Press, U.S. NEWS "Rio Arriba County Sheriff Is Sentenced to 3 Years in Prison" https://www.usnews.com/news/best-states/new-mexico/articles/2021-12-02/rio-arriba-county-sheriff-is-sentenced-to-3-years-in-prison (Dec. 2, 2021, 2:34pm). Defendant Lujan states that it is unknown whether he will be appealing this conviction. *See* Doc. 30, p. 2.

In D-117-CR-2020-00078, Defendant Lujan is accused of three misdemeanor offenses of resisting, evading, or obstructing an officer in March and May of 2020. *See* Second Amended Criminal Information, attached as Exhibit 3. The Criminal Information alleges that Defendant Lujan resisted, obstructed, or opposed Española Police Department officers while attempting to serve process and a Taos County Sheriff's Office deputy in the lawful discharge of her duties. *Id*. The Criminal Complaint alleges that on May 20, 2020, Mr. Chacon was suspected in the beating and stabbing of another man and had barricaded himself in his home. *See* Exhibit 2, pp. 1-2. Española Police Department had a perimeter secured around the house. *Id*. at p. 2. Defendant Lujan is alleged to have been at the scene, not in uniform and under the influence of alcohol, attempting to try to take over the scene and demanding that Española Police Department officers leave the area. *Id*. at pp. 1-2. According to the Criminal Complaint, Defendant Lujan was recorded on lapel video ordering an EPD sergeant to leave the scene. *Id*. at p. 2. Defendant Lujan is also accused of trying to convince the officers that Mr. Chacon had already fled the scene. *Id*. Defendant Lujan is accused of then disobeying instructions not to enter the perimeter area and walking directly to the front door of the house to bang on the door and yell at Mr. Chacon to exit the house. *Id*. Defendant Lujan is scheduled for trial in that case next month in January of 2022. *See* Doc. 30, p. 2.

The primary factual bases that give rise to the civil rights violations and related causes action alleged in this matter do not overlap with the criminal matters described above. The harassment and retaliation that Ms. Clay endured does not form the basis for any criminal charges, pending or not, against Defendant Lujan.

## APPLICABLE LAW & ARGUMENT

A stay of a civil case is an extraordinary remedy. *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995). "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). Such a stay may be appropriate where a defendant faces a "severe burden" in which fighting parallel criminal and civil proceedings simultaneously outweighed potential prejudice to plaintiffs arising from a stay. *Hilda M. v. Brown*, 10-CV-02495-PAB-KMT, 2010 WL 5313755, at *2 (D. Colo. Dec. 20, 2010). Courts are afforded discretion to stay civil proceedings pending the outcome of criminal proceedings to avoid impairing a party's Fifth Amendment privilege, extending criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), exposing the defense's theory to the prosecution in advance of trial, or otherwise prejudicing the criminal case. *See Transworld*, 886 F.Supp. at 1138. "Balanced against the possible constitutional dilemma faced by Defendant is that the right to proceed in court should not be denied except under the most extreme circumstances. In other words, stays of the normal proceedings of a court should be the exception rather than the rule." *Hilda M.*, 2010 WL 5313755 at *3 (internal citation and quotation marks omitted).

A. <u>The Charges and Allegations underlying the Criminal Cases do not Overlap with those Present in this Civil Case.</u>

"The first question to be resolved is the extent to which the issues in the criminal case overlap with those present in the civil case, *since self-incrimination is more likely if there is a significant overlap*." *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Defendant Lujan's grounds to support his

4

argument for a stay of discovery in this case is speculative at best. Doc. 30 at p. 3 ("The pending charges and allegations in this case, while not identical, *could* overlap . . . Although not relevant to in this case, Plaintiff *may* attempt to obtain information from the Sheriff pertaining to his criminal charges. . .") (emphasis added). This speculation that the criminal charges may come up in a deposition of Defendant Lujan is insufficient to overcome Ms. Clay's right to proceed with this case. "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated . . . . A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (internal citation omitted) (upholding denial of motion to stay where there was limited overlap between the issues and evidence in the civil and criminal trials).

     The caselaw relied on by Defendant Lujan involved situations in which the criminal and civil matters were parallel proceedings, where the criminal allegations involved conduct forming the basis for the civil lawsuit. *See e.g. Urrutia v. Montoya*, CV 16-00025 MCA/SCY, 2016 WL 9777168, at *1 (D.N.M. June 29, 2016) (both criminal and civil proceedings arose from allegations that defendant, as a police officer, allegedly threatened plaintiff with his Taser and inappropriately touched her); *Hilda M.*, 2010 WL 5313755 at *1 (improperly performed work on a boiler leading to deaths of a family of carbon monoxide poisoning formed basis for criminal charges and the plaintiffs' complaint); *Berreth v. Frazee*, 19-CV-00027-PAB-KMT, 2019 WL 10250759, at *1 (D. Colo. Apr. 1, 2019) (first degree murder charges stemmed from the same set of facts that were the basis of the plaintiffs' claim); *Ramirez v. Martinez*, 20-CV-0824 MV/SMV, 2021 WL 3269247, at *2 (D.N.M. July 30, 2021) (civil complaint and criminal charges both arose out of sexual assault allegations by corrections officer on inmate). Such a situation is not

the case here. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct[.]" *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Because the charges and allegations in Defendant Lujan's criminal cases and this lawsuit are not the same, there is no "real and appreciable risk of self-incrimination" warranting postponement of civil discovery until the criminal actions are concluded. *See Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D.La. 1989). *See also Ben Ezra Weinstein & Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity").

Due to the distinct nature of the criminal cases from the civil proceeding, Defendant Lujan's assertion of his Fifth Amendment privilege would not be akin to forfeiting his defense in this lawsuit. "The fact that a person has been indicted cannot give him a blank check to block all civil litigation on the same or related underlying subject matter." *Wilson v. Olathe Bank*, CIV. A. 97-2458-KHV, 1998 WL 184470, at *8 (D. Kan. Mar. 2, 1998) (internal quotation marks omitted). Even if a deposition or discovery requests turned to the allegations in these criminal cases, Defendant Lujan can make the choice whether to assert his Fifth Amendment rights without sacrificing his defense in the civil case.

> A defendant engaged in parallel civil and criminal litigation simultaneously faces numerous difficult choices, not the least of which is whether to assert his Fifth Amendment privilege against self-incrimination in the civil action, thereby compromising his interest in testifying and obtaining whatever benefits such testimony might provide. Nevertheless, this Hobson's choice is not so acute that the Constitution prevents the courts from forcing a litigant to make it.

*In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 GBD FM, 2011 WL 5913526, at *3 (S.D.N.Y. Nov. 22, 2011), objections overruled, 02-CV-6977 GBD FM, 2012 WL 104512 (S.D.N.Y. Jan. 11, 2012) (internal citation and quotation marks omitted).

The charges and allegations in Defendant Lujan's criminal cases do not create the same factual basis for this civil matter. His attempt to bar proceedings in such an attenuated matter based on speculation amounts to a request to this Court for a blank check to block any civil litigation, with no real demonstration of the real and appreciable risk of proceeding with the same.

B. The Status of the Criminal Cases Weighs in Favor of Denying the Motion to Stay

The two criminal cases are both near or at their conclusion. It is not clear whether or not Defendant Lujan will appeal his conviction in the first criminal matter. Where a defendant has already been tried, convicted, and sentenced in this matter, the concerns that typically accompany a request to stay parallel civil proceedings are significantly diminished:

> For several reasons, the status of Defendant's criminal case weighs strongly against granting a stay because Defendant has already been tried, convicted, and sentenced. First, because Defendant has already challenged the government's case in trial, he knows exactly how the government intends to prove his guilt and he is exceedingly able to avoid making incriminating statements that might be used against him if retried. Also, absent a waiver of his Fifth Amendment privilege, he has only a minimal concern that civil discovery will aid the criminal prosecution because the government has already assembled all the evidence needed for a conviction. Finally, since Defendant's criminal case is currently on appeal, the possibility and timing of a retrial remains speculative at best. Unlike pre-trial requests for a stay, the Speedy Trial Act provides Plaintiffs no assurance that Defendant's criminal case will be resolved quickly.

*Sparkman v. Thompson*, CIV.A.08-01-KKC, 2009 WL 1941907, at *2 (E.D. Ky. July 6, 2009). "[C]ourts generally do not grant a stay in an overlapping civil case while the related criminal case is on appeal because there is only *a mere possibility* that a successful appeal might lead to a new trial that could require invocation of a defendant's Fifth Amendment rights." *In re Valeant Pharm. Intl., Inc., Securities Litig.*, No. 15-7658, 15-7658, 2019 WL 1578677, at *4 (D.N.J. Apr. 12, 2019) (internal citation and quotation marks omitted) (emphasis added); *see also Jenkins v. Miller*, 2:12-CV-184, 2017 WL 1052582, at *4 (D. Vt. Mar. 20, 2017) ("[C]ourts evaluating a

case after a defendant has been convicted have typically given less weight to the burden to a defendant of proceeding with a civil case than they would before the trial, even when the defendant may assert a Fifth Amendment privilege during the civil proceeding.").

C. Because the extent to which Defendant Lujan may invoke his Fifth Amendment rights as he exhausts his appeal is minimal and there is little concern that civil discovery will aid in criminal prosecution in the event of a re-trial, the status of Defendant Lujan's first criminal case weighs in favor of denying the stay. Additionally, the second criminal case is set for trial in January of 2022. The case may go to trial before Defendant Lujan's Motion to Stay is even decided. Furthermore, the deadline for completion of discovery is well beyond that of the scheduled trial date and so any scheduled deposition of Defendant Lujan is likely to occur after that scheduled trial date. Order Setting Case Management Deadlines and Discovery Parameters, Doc. 33 at p. 2. Like the first criminal matter, this matter will be concluded or on appeal soon, further diminishing any attenuated possibilities that Defendant Lujan may invoke his Fifth Amendment rights in this proceeding. Just as with the first criminal case, the status of the second case weighs in favor of denying Defendant Lujan's request for a stay._The Interests of Ms. Clay and Court in Proceeding Expeditiously and the Prejudice to Ms. Clay Resulting from a Stay Outweigh the Speculative Interests of Defendant Lujan_

Ms. Clay will be prejudiced by a stay in this matter. As discussed above, there is no discussion in Defendant's motion as to why discovery should be stayed against Defendant Lujan in his official capacity. As to his individual capacity, the allegations against all Defendants are inextricably linked together. If the stay were granted as to Defendant Lujan, Ms. Clay would be forced to proceed with litigation against Defendant Barnes, without the ability to conduct discovery as it pertains to his supervisor and fellow defendant, Defendant Lujan. Ms. Clay would further be forced to litigate against the Defendant County and Defendant Sheriff's Office based on Defendant Lujan's retaliatory conduct and harassment, without being able to conduct discovery pertaining to the head of the Sheriff's office. To proceed against the remaining Defendants while discovery is stayed as to Defendant Lujan would greatly hinder the progress of this case.

Defendant has not shown substantial prejudice to his rights or that he faces a severe burden in proceeding with this matter. Defendant Lujan's alleged interests are greatly diminished once the criminal cases are over, even on appeal, and the only interests identified by Defendant as "overlapping" with this matter are speculative at best. Staying discovery until Defendant Lujan's criminal cases have been decided on appeal would inordinately prolong the civil case. In addition to the lack of overlap of issues in these cases, the likelihood of Defendant Lujan facing the "quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case" is minimal. *Transworld*, 886 F.Supp. at 1140. His defense theories and tactics will have already been revealed at trial. Testimony will and has already been taken at trial. Furthermore, to the extent that any of the facts of the criminal cases could be relevant to the issues in this case, there is evidence of Defendant Lujan's criminal conduct outside of Defendant Lujan's statements, such as testimony of other witnesses, documents, and video recordings.

Ms. Clay's and the Court's interests in an expeditious resolution of this case weighs in favor of denying the request for a stay.

## CONCLUSION

The criminal cases against Defendant Lujan are not truly parallel proceedings to this case because the charges and allegations underlying Defendant Lujan's alleged criminal conduct are distinct from the allegations establishing civil rights violations in this case. Defendant Lujan is not entitled to a stay of civil proceedings upon a mere possibility that he may face the choice of whether or not to assert his Fifth Amendment rights on a discrete issue during the course of this civil litigation. The factors to consider in determining whether to grant a stay all weigh in favor of denying Defendant Lujan's Motion to Stay. In the interests of expeditiously proceeding in this matter and preventing the resulting prejudice to Ms. Clay that would result from a stay of

discovery, Plaintiff Clay respectfully requests the Court deny Defendant Lujan's motion for a stay.

Respectfully submitted,

/s/ Kate S. Thompson
Kate S. Thompson
Caroline "KC" Manierre
Carolyn M. "Cammie" Nichols
ROTHSTEIN DONATELLI LLP
500 4th Street, N.W., Suite 400
Albuquerque, New Mexico 87102
(505) 243-1443
Fax: (505) 242-7845
kthompson@rothsteinlaw.com
cmanierre@rothsteinlaw.com
cmnichols@rothsteinlaw.com

and

Leon Howard
ACLU OF NEW MEXICO
P.O. Box 566
Albuquerque, NM 87103
T: (505) 266-5915 Ext. 1008
F: (505) 266-5916
lhoward@aclu-nm.org

*Attorneys for Plaintiff Tabitha Clay*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of December, 2021, a true and correct copy of the foregoing was served electronically via the CM/ECF system to all counsel of record.

/s/ Kate S. Thompson
Rothstein Donatelli LLP