**9-201. CRIMINAL COMPLAINT FORM**
FOR USE WITH MAGISTRATE COURT RULE 6-201 NMRA
STATE OF NEW MEXICO
COUNTY OF: **RIO ARRIBA**
CITY OF ESPAÑOLA
MAGISTRATE COURT

FILED IN
MAR 26 2020
MAGISTRATE COURT
RIO ARRIBA CO. DIV I & II

POLICE CASE #: **2003E1113**

V.

No. M-43-MR-2020-00119

NAME: **Lujan, James D.**, Defendant

DOB: 02/04/1961  SSN: 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  OLN: NM-013709670
SEX: Male   HEIGHT: 5' 10"   WEIGHT: 205 Pounds  EYE COLOR: Hazel
PHYSICAL ADDRESS: 902 S. McCurdy Road CITY: Española STATE: N.M. ZIP: 87532
MAILING ADDRESS: 902 S. McCurdy Road CITY: Española STATE: N.M. ZIP: 87532

**SUMMONS**
**CRIMINAL COMPLAINT**

The undersigned, under penalty of perjury, complains and says that on or about the 21 day of March, 2020, in the County of Rio Arriba, State of New Mexico, the above-named defendant did:

**Count I– Resisting, evading or obstructing an officer (service of process)**

knowingly obstruct, resist or oppose *[Española Police Detective Ernest Saucedo]*, an officer of this state or other duly authorized person, while *[Detective Saucedo]* was serving or attempting to serve or execute a process, rule, order or judicial writ of a court of the state of New Mexico or any other judicial writ or process, contrary to NMSA 1978, § 30-22-1(A). (A misdemeanor)

On Saturday, March 21, 2020 at approximately 1930 hours I was contacted by Detective Ernest Saucedo that Rio Arriba County Sheriff James D. Lujan arrives on scene of a barricaded subject located at 611 Baker Lane. 611 Baker Lane is located within City of Española limits and inside of Rio Arriba County. According to Detective Saucedo, Sheriff Lujan was attempted to take over the scene and demanding our officers leave the area. I advised Detective Saucedo to hold the scene and I advised him I was on my way to the scene.

When I arrived on scene at approximately 2000 hours, I observed Sheriff Lujan on what appeared to be his mobile phone, and he appeared to be texting or emailing on his mobile device. Sheriff Lujan was swaying and it appeared as though he was having a difficult time keeping his balance while using his mobile device. Sheriff Lujan was not in uniform but I could not see if he was wearing his badge or gun.

Before I approached the sheriff, I was contacted by Española Police Lieutenant Richard Trujillo who was the highest ranking officer at the scene. Lieutenant Trujillo appeared to be frustrated. He advised me Sheriff Lujan was on scene and he could smell alcohol emitting from his person. He also stated Sheriff Lujan is refusing to leave the scene.

I approached the scene and made contact with Sheriff Lujan. As soon as I greeted Sheriff Lujan he immediately questioned me as to why a local reporter was on the scene. I responded by asking him why he was on the scene. Sheriff Lujan replied, "This is my county!" I immediately smelled a strong odor of alcohol emitting from the sheriff's breath and person. He was also chewing gum frantically but it was not masking the odor of alcohol. I advised Sheriff Lujan that he should not be on the scene and that I would not allow him to enter the scene again. He replied, "Are you telling me to leave?" To which I replied, "I'm not telling you to leave, but you cannot enter the inner perimeter again. If you do, I will take you to jail." Sheriff Lujan continued to ask me if I was going to make him leave the scene. At one point he stated he was communicating with the barricaded subject identified as Mr. Phillip Chacon. I advised Sheriff Lujan to stay put where he was and not to move from that area. He then showed me his texts on his mobile phone which stated was from Mr. Chacon. The last two texts read something to the affect of, "I'm not home." "I'm gone." So I responded to Sheriff Lujan and asked, "Why are you still here then?" I again instructed Sheriff Lujan to stay in the outer perimeter and began to walk away. Sheriff commented, "Enjoy your time." I believe Sheriff Lujan attempted to have law enforcement leave the scene, by telling us Mr. Chacon had already fled the scene. In an attempt to deescalate the situation I walked away from the sheriff.

While at the scene, I was told by several officers and supervisors about Sheriff Lujan's antics and misconduct. Sergeant Michelle Ortega's lapel video shows Sheriff Lujan ordering her to get the officers and leave the scene. When Sergeant Ortega refuses, Sheriff Lujan states, "Excuse me! I'm not asking, I'm telling you!" As though that was a command or a demand towards Sergeant Ortega. Sergeant Ortega then walks away from the sheriff. Her next video shows Sheriff Lujan approaching her again saying, "Give me your cuffs," referring to her handcuffs. When Sergeant Ortega refuses, Sheriff Lujan walks in the inner perimeter. Sheriff Lujan then begins harassing Officer Jose D. Lujan for his handcuffs, Officer Jose D. Lujan walks away from Sheriff Lujan, and appears to be extremely frustrated and upset as Sheriff Lujan continues to interfere.

Sheriff Lujan barged passed the inner perimeter, into the hot zone, and then walked directly to the front door of the house. Due to the suspect discharging a firearm and being violent, officers inside the inner perimeter (hot zone,) had their weapons pointed at the suspect's house. Several officers were shouting to Sheriff Lujan to stand down and exit the hot zone. Officer Isaiah Anaya directed Sheriff Lujan to respectfully exit the kill zone and retreat back to cover. Sheriff Lujan disobeyed and ignored any and all commands from the Española police officers.

It should be noted that Mr. Chacon was a suspect in the beating and stabbing of another man, and officers suspected him of firing a weapon in the area while the preliminary were conducting their investigation. Sheriff Lujan's actions were not only dangerous and reckless; he created another hazard by distracted the officers on the inner perimeter. Due to Sheriff Lujan's actions, officers' concentration was taken away from their assigned points of danger areas on the house, i.e. doors, windows, crawl spaces, or other areas they had to cover. Sheriff Lujan placed himself in danger and began banging on the front door and yelling at Mr. Chacon to exit the residence. Mr. Chacon never exited the residence and Sheriff Lujan returned back to the inner perimeter. Officers in the inner perimeter were continuously distracted and obstructed by Sheriff Lujan's actions,

There were previous allegations that Sheriff Lujan had aided Mr. Chacon in a previous incident, fleeing the state in an attempt to escape capture during a prior incident investigated by law enforcement agencies. Because of this information it is obvious by Sheriff Lujan's actions he was attempting to do the same in this case. By distracted the officers in the inner perimeter, possibly giving Mr. Chacon an opportunity to flee.

Later I spoke to Officer Jose D. Lujan, who has S.W.A.T. (Special Weapons and Tactics) training and experience, who stated he was upset about the Sheriff Lujan's actions, causing friction between Sergeant Ortega and Officer Jose D. Lujan, because she was hesitant to physically restrain Sheriff Lujan. As an elected official, especially the Sheriff, with Sheriff Lujan's background and years of service, should never have placed any officer or supervisor in that position. Sergeant Ortega did order Sheriff Lujan to stand down and leave the inner perimeter and hot zone but he would not comply. Sergeant Ortega's primary responsibility was the inner perimeter and trying to maintain order and keep the officers in the inner perimeter focused on the house. Had a civilian or citizen committed the offenses Sheriff Lujan did, they would have been arrested and removed from the scene.

If any additional information becomes available, a supplemental report will be submitted.

**I SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENSE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.**

_____                                    _____
**Roger P. Jimenez**                                          Approved
Complainant

Interim Chief, EPD #775                                       _____
Title (*if any*)                                              Title (*if any*)

**If Probable Cause Determination Required:**

[ ] Probable Cause Found

[ ] Probable Cause Not Found, and Defendant Released from Custody

Judge: _____ Date: _____ Time: _____

[As amended, effective September 1, 1990; April 1, 1991; November 1, 1991; as amended by Supreme Court Order No.13-8300-020, effective for all cases pending or filed on or after December 31, 2013.]