FILED IN
JUN 0 4 2020
MAGISTRATE COURT
RIO ARRIBA CO. DIV I & II

STATE OF NEW MEXICO
RIO ARRIBA COUNTY
MAGISTRATE COURT

No. M743FR2020000178

v.

Lujan, James D.
DOB:02/██/1961
SSN: ████████
NM OLN: 013709670
5'10 205 lbs. Haz Bro
, Defendant

## AFFIDAVIT FOR ARREST WARRANT

The undersigned, being duly sworn, on her oath, states that she has reason to believe that on or about the 14th day of **March, 2017**, in the Rio Arriba, City of Espanola, State of New Mexico, the above-named defendant did commit the crime of:

**Harboring or aiding a felon and Bribery or Intimidation of a witness: retaliation against a witness**

contrary to law of the State of New Mexico.

The undersigned further states the following facts on oath to establish probable cause to believe that the above-named defendant committed the crime charged:


Approved
A. Reeb
Caxty

Affiant is a fulltime, commissioned and certified Law Enforcement Officer in the State of New Mexico. Affiant has 10 years of law enforcement experience in the State of New Mexico and has been commissioned through the Attorney General Hector Balderas for the state of New Mexico due to the appointment of Special Prosecutor in this case, District Attorney Andrea Reeb from the Ninth Judicial District.

On May 20th, 2020 I, Senior Investigator Adriana Munoz, was assigned to review an incident that occurred in the city of Espanola, New Mexico. The original incident took place March 14th, 2017 and was documented under Espanola Police Department incident number #17-03-092. Assisting me in this investigation is Investigative Expert W. Dennis Maez. Investigator Maez was contracted through the New Mexico Attorney General's Office specifically for this case. Investigator Maez is a retired Special Agent in Charge with the U.S. Secret Service and has over 30 years of law enforcement experience.

On March 14th, 2017, at approximately 2306 hours Officer Anthony Armijo of the Espanola Police Department observed a white Dodge truck enter the Espanola Police Department parking lot. The white truck pulled up next to a silver truck registered to Phillip Chacon and at some point, set the alarm off in the silver truck. Officer Armijo, who was at the Police Department at the time noted that the white Dodge truck also fit the description of a vehicle which was recently in an Officer Safety bulletin. Upon investigating, Officer Armijo observed the white truck leave the parking lot at a high rate of speed and driving away in an erratic manner. Officer Armijo proceeded to follow the truck in his patrol unit and ran the license plate NM 064TSK which showed a suspended registration. While following the truck and approaching a red light, the truck stopped and the reverse lights came on. The white truck was observed travelling in reverse and approaching Officer Armijo patrol unit at a high rate of speed. Officer Armijo believed the driver of the white Dodge truck was trying to ram his patrol unit and he had to quickly reverse to get out of the way.

## EXHIBIT 1

Officer Armijo updated dispatch and advised he was almost struck by the white Dodge truck. As the light turned green the driver of the white Dodge truck placed it in drive and continued to flee eastbound on State Road 584. Officer Armijo asked for other units to assist and had activated his emergency equipment. While continuing to follow the white Dodge truck, Officer Armijo observed the truck make an abrupt left turn against a red light which caused oncoming traffic to swerve and stop in an attempt to avoid a crash.

Officer Armijo and Espanola Police Department Officer Ernest Saucedo pursued the vehicle with their lights and sirens activated but the truck only sped up and continued to travel north at a high rate of speed reaching speeds of over 110 mph in a 35-mph zone. Officers stopped pursuing the vehicle nearing city limits after they observed usual traffic having to drive up on a sidewalk to avoid colliding with the fleeing truck. A short time after the pursuit was terminated, Central dispatch received a call from the driver of the white Dodge truck. The caller was identified as Phillip Chacon who confirmed he was being chased by Espanola PD who had followed him outside city limits.

Officer Armijo ultimately obtained a warrant for Phillip Chacon for Aggravated Fleeing a Law Enforcement Officer which was filed on March 15th, 2017. Phillip Chacon was located on March 15th, at St Vincent Hospital and was taken into custody by Santa Fe Police Department.

Investigator Maez spoke to Officer Cody Lattin who was a Rio Arriba Deputy with the Rio Arriba County Sheriff's Office and on duty on March 14th, 2017. Officer Lattin was advised by Dispatch, Espanola PD were involved in a vehicle pursuit. Officer Lattin let Dispatch know he and another Deputy would not be engaging in the pursuit. Dispatch also relayed to Deputy Lattin the driver of the vehicle involved in the pursuit had called in and identified himself as Phillip Chacon. Phillip was alleging he was illegally pursued by Espanola PD and requested to speak to State Police. Officer Lattin learned of Phillip's location which according to a phase 2 GPS location was HWY 68 near mile marker 6. Officer Lattin contacted Espanola PD to let them know he was going to try to locate Phillip and there was also a Temporary Restraining Order he needed to serve Phillip. While on his way to locate Phillip, Officer Lattin observed a black SUV, law enforcement type vehicle, with their emergency equipment on and inquired if there was a separate emergency in the area. Dispatch advised there was nothing else going on and Officer Lattin relayed over the radio he had seen a black in color SUV travelling north with their emergency lights on.

Shortly after, Officer Lattin noticed the black SUV turned their emergency equipment off and pull into a parking area off County Road 41A and HWY 68. Officer Lattin pulled into the parking area and recognized Sheriff James Lujan in his unmarked black Dodge Durango. Officer Lattin spoke with Sheriff Lujan who told him, Phillip had called and said Espanola PD was illegally pursuing him. Sheriff Lujan relayed to Officer Lattin his discontent with city police and they needed to stop harassing Phillip Chacon. While speaking to Sheriff Lujan car to car, Sheriff Lujan received a phone call. Officer Lattin stated he could hear and recognized Phillip Chacon's voice on the phone as the conversation was going through the vehicle's speakers via Bluetooth sync or a direct connect from Sheriff Lujan's phone to the vehicle he was driving. After Sheriff Lujan was done talking on the phone, he instructed Officer Lattin to follow him to a location but he was not to relay it over radio or to tell anyone where they were going. Officer Lattin followed Sheriff Lujan to Phillip Chacon's residence at 611 Baker Lane which is located inside Espanola city limits. Officer Lattin witnessed Sheriff Lujan knock on Phillip's door at which time Phillip exited his house and talked to Sheriff Lujan. Sheriff Lujan then asked Officer Lattin if he had the restraining order that needed to be served on Phillip, Officer Lattin did not have it at the time. Officer Lattin requested Deputy Ernest Garcia who was also on duty to bring the paperwork to their location on Baker Lane. Deputy Garcia met Officer Lattin at the entrance of Baker Lane to give him the restraining order paperwork.

Investigator Maez spoke with Ernest Garcia who recalled the incident and remembers seeing Sheriff Lujan standing near the front door of Phillip Chacon's residence. Ernest stated he handed the paperwork to Officer Lattin and left immediately, stating that he did not want to be there.

I was able to verify Deeanna Chacon had filed a temporary restraining order on March 14th, 2017 in reference to Espanola Police report #17-03-093 which documents a violation of the restraining order.

# EXHIBIT 1

After serving Phillip Chacon with the restraining order, Officer Lattin heard Sheriff Lujan instruct Phillip to gather some belongings. Officer Lattin then witnessed Phillip Chacon exit his house with a duffel bag, place it in the backseat of Sheriff Lujan's patrol unit and get in the passenger side. Sheriff Lujan again told Officer Lattin not to say anything to anyone about what just transpired. Officer Lattin last saw Sheriff Lujan leave in his patrol unit with Phillip Chacon travelling southbound on Riverside Drive that night.

Investigator Maez spoke to Officer Lattin in reference to this incident and asked why he had not reported what had happened. Officer Lattin explained Sheriff Lujan was his boss at the time and he feared retaliation or losing his job. Officer Lattin was aware of Sheriff Lujan's pattern of conduct and knew him to be vindictive.

I was also able to verify that on March 14th, at approximately 2333 hours Dispatcher Alejandro de la Rosa stated he spoke to Phillip Chacon on the phone in reference to the pursuit EPD # 17-03-204. Phillip had called in to complain he was being chased by the Espanola Police Department. Alejandro stated that he had also received a call from Sheriff Lujan during the pursuit demanding to know what phone number Phillip Chacon was calling from. An hour and 16 minutes after the start of the pursuit, at approximately 0022 hours, Sheriff Lujan called Dispatch requesting recordings of the pursuit and not to tell anyone about the request. The recordings included radio traffic where Officer Cody Lattin stated he would be trying to locate Phillip Chacon on mile marker 6 on HWY 68 and would turn him over to Espanola PD if he was found. A little while after, Dispatch contacts Officer Lattin as to their disposition in attempting to locate Phillip Chacon and it is Sheriff Lujan who responds and advises to close the call.

Officer Saucedo also recalls speaking to Officer Lattin after the pursuit, speaking to him three separate times. During one of those calls Officer Saucedo overheard Sheriff Lujan in the background telling Officer Lattin "Don't fucking tell anyone where we are at or what we are doing". Officer Saucedo stated that two weeks after the incident he saw Officer Latin who told him he had been chewed out by Sheriff Lujan who asked if Lattin had talked to Officer Saucedo.

On March 15th, 2017 Alejandro de la Rosa was contacted via phone by Sheriff Lujan who wanted to know if he had said anything about his request. At the time, Alejandro was not able to take the call and was later confronted by Sheriff Lujan in the parking lot outside the Dispatch center in person. Alejandro states in his complaint that Sheriff Lujan questioned him and accused him of leaking information about the Phillip Chacon incident. Alejandro told Sheriff Lujan he needed to contact his Director Marti Griego to let him know about the request, Sheriff Lujan became irate and told Alejandro he was not allowed to contact his Director. Sheriff Lujan demanded Alejandro leave the Dispatch center and did not allow him to go back in to talk to Marti Griego. As a result of this incident, Alejandro stated he turned in his resignation due to Sheriff Lujan's intimidation and accusations.

Furthermore, on March 16th, 2017 Sheriff Lujan writes a letter to Chairperson Peggy Martinez who is on the 911 Board at the time. Sheriff Lujan acknowledges he was notified of the pursuit on March 14th which reached speeds of up to 110 mph. The incident began at approximately 2306 hours. Sheriff Lujan also indicates he had knowledge that Espanola PD asked Rio Arriba Sheriff deputies for assistance that night. Sheriff Lujan admits he contacted Dispatch and spoke to Alejandro de la Rosa aka "Lalo" and requested all of the information relating to the pursuit. Sheriff Lujan writes in his letter that he also told Alejandro not to say anything and corroborates the confrontation outside the Dispatch center. However, Sheriff Lujan's claims are that he is only informing Mrs. Martinez about the incident due to a security breach.

Based on the filed reports, documentation and witness statements around the time of this incident, I believe James D Lujan committed the crimes of harboring or aiding a felon and intimidation of a witness. Harboring or aiding a felon consists of any person not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister by consanguinity or affinity, who knowingly conceals any offender or gives such offender any other aid, knowing that he has committed a felony, with the intent that he escape or avoid arrest, trial, conviction or punishment.

# EXHIBIT 1

- James D Lujan was advised Espanola PD requested Sheriff Deputy assistance on the night of March 14th, 2017 in reference to a vehicle pursuit.
- James D Lujan called in to Dispatch requesting the number of the phone which Phillip Chacon was using to call after he called and identified himself as the subject being pursued.
- James D Lujan had contact with Phillip Chacon over the phone as witnessed by Officer Lattin.
- Officer Lattin met with Sheriff Lujan in a parking lot and was instructed him to follow Sheriff Lujan to Phillip Chacon's location.
- Sheriff Lujan instructed Officer Lattin not tell anyone where they were going or to check out on the radio.
- James D Lujan contacted Phillip Chacon at his house on 611 Baker Lane and had Deputy Lattin serve him with a Restraining order.
- James D Lujan instructed Phillip Chacon to gather his belongings and get in his patrol vehicle knowing Espanola PD was attempting to locate Phillip Chacon on an aggravated fleeing of law enforcement.

In addition, intimidation of a witness consists of a any person knowingly intimidating or threatening any person or giving or offering to give anything of value to any person with the intent to keep the person from truthfully reporting to a law enforcement officer or any agency of government that is responsible for enforcing criminal laws information relating to the commission or possible commission of a felony offense or a violation of conditions of probation, parole or release pending judicial proceedings.

- James D Lujan instructed Officer Lattin not to tell anyone he had contact with Phillip Chacon knowing he was the suspect of an aggravated fleeing of Law Enforcement.
- James D Lujan told Officer Lattin not to disclose the location of where Phillip Chacon was at and not to broadcast it over the radio.
- James D Lujan again told Officer Lattin at 611 Baker Lane not tell anyone he had Phillip grab a bag of his belongings from his residence and helped Phillip avoid arrest by not turning him over to Espanola PD.
- James D Lujan accused Officer Lattin of talking to Officer Saucedo and disclosing what had happened.
- As a result, Officer Lattin did not report the incident in fear of losing his job, subordination and possible retaliation.

Adriana Munoz
Affiant's name

*[signature]*
Signature of affiant

Senior Investigator #923
Official title

*Pat A. Casados*
Judge, Magistrate, Notary or other Officer Authorized to Administer Oaths

Subscribed and sworn to before me in the above-named county/ city of the State of New Mexico this 4th day of June 2020.

**EXHIBIT 1**