IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TABITHA CLAY,**

          **Plaintiff,**

vs.                                                                 Case No. 1:21-cv-00591-MIS/JHR

**BOARD OF COUNTY COMMISSIONERS
FOR RIO ARRIBA COUNTY, RIO ARRIBA
COUNTY SHERIFF'S OFFICE, JAMES D.
LUJAN, in his official and individual capacities,
and JEREMY BARNES, in his individual capacity,**

          **Defendants.**

## STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER

THIS MATTER comes before the Court on the parties' Joint Motion for Stipulated Confidentiality Order (Doc. 44) filed February 1, 2022. Having reviewed the motion and other matters of record, and being fully advised, the Court finds that:

1. The parties have agreed that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action.

2. The parties agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals or related proceedings involving a party.

3. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' Joint Motion for Confidentiality Order (Doc. 44) and hereby orders that:

**1. Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits,

and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

    **2. Definition of Confidential Information**. As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause specific and serious harm to the interests of a party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

    A.    "Protected health information" as defined in HIPAA, 45 C.F.R. § 160.103;

    B.    Plaintiff's employment and personnel records; and

    C.    Personnel records of employees of Rio Arriba County.

Either party may challenge the "confidential" designation of a particular document by sending written notice to the producing party that the particular document should not be marked as such because it is available to the public or has not been previously kept in a confidential manner. In the event that a dispute concerning the confidentiality of a document cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

    **3.**    **Form and Timing of Designation**. The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by

marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovery of the inadvertent failure.

5. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6.     **Protection of Confidential Material.**

(a)     **General Protections**. Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one or more of the parties to this litigation.

(b)     **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(i) The parties to this litigation, including any employees, agents, and representatives of the parties;

(ii) Counsel for the parties and employees and agents of counsel;

(iv) The court and court personnel, including any special master appointed by the court, and members of the jury;

(v) Court reporters, recorders, and videographers engaged for depositions;

(vi) Any mediator or settlement facilitator appointed by the court or jointly selected by the parties;

(vii) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have been provided with a copy of this Stipulated Protective Order;

(viii) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have been provided with a copy of this Stipulated Protective Order;

(ix) The author or recipient of the document (not including a person who only received the document in the course of the litigation);

(x) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(xi) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c) Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

7.      **Filing of Confidential Information.** *In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the*

*document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record.* Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal, and *the parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court.* The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record will have access to the sealed documents via the Court's CM/ECF system.

8. **Challenges to a Confidential Designation**. The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith with opposing counsel to attempt to resolve the objection informally and request a telephone conference with the undersigned Magistrate Judge to determine if the objection can be resolved through such a conference. A party that thereafter elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation

remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing**. *The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.*

10. **Obligations on Conclusion of Litigation.**

*The parties agree that the provisions of the protective order will remain binding on them until and unless the parties mutually agree to terminate its protection, or the parties notify the Court and each other of a desire to re-open the case to modify and/or enforce the protective order.*

11. **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or

material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

      **13.**    **Persons Bound by Protective Order**. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

      **IT IS SO ORDERED.**

_____  
JERRY H. RITTER  
UNITED STATES MAGISTRATE JUDGE

Submitted and Approved by:

ROTHSTEIN DONATELLI LLP

*/s/ Kate S. Thompson*  
Carolyn M. "Cammie" Nichols  
Kate Thompson  
Carey Bhalla  
500 4th Street, N.W., Suite 400  
Albuquerque, New Mexico 87102  
(505) 243-1443  
Fax: (505) 242-7845  
cmnichols@rothsteinlaw.com  
kthompson@rothsteinlaw.com  
cbhalla@rothsteinlaw.com

*And*

Leon Howard  
ACLU OF NEW MEXICO  
P.O. Box 566  
Albuquerque, NM 87103  
T: (505) 266-5915 Ext. 1008  
F: (505) 266-5916  
lhoward@aclu-nm.org

*Attorneys for Plaintiff Tabitha Clay*

9

BRENNAN & SULLIVAN, P.A

*/s/ Gabriela M. Delgadillo*
Gabriela M. Delgadillo
Christina L. G. Brennan
128 East DeVargas
Santa Fe, New Mexico 87501
(505) 995-8514
gabriela@BrennSull.com
christina@BrennSull.com

*Attorneys for Defendants Board of County Commissioners*
*for Rio Arriba County, Rio Arriba County Sheriff's Office and James D. Lujan*

HOLLAND & HART, LLP

*/s/ Judd C. West*
Judd C. West
Jules Elese Angelley
110 N. Gudalupe, Suite 1
Santa Fe, NM 87504
T: (505) 988-4421
jcwest@hollandhart.com
jeangelley@hollandhart.com

*Attorneys for Defendant Jeremy Barnes*